PALANGUE *vs.* GUESNON, F. W. C.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parole evidence is admissible to show that the description of a lot in an act of sale, was made through error and accident, and that the lot actually sold was a different one from *that* described in the deed.

This is a petitory action for a lot of ground which the plaintiff alleges he purchased from the defendant, by public act, the 17th day of May, 1830, but that she continues in possession and refuses to deliver it up. He prays that he be decreed to be the true owner of said lot, and that possession be delivered to him, together with thirty dollars per month for the time she has withheld it from him.

The defendant pleaded a general denial. She admits she sold the plaintiff a lot, but denies it is the one he claims; and that the sale of it was made through error, by the plaintiff and her agent giving an erroneous description of it to the notary.

It was admitted that the defendant is in possession of the lot claimed and described in the act of sale under which he claims.

Parole evidence was offered and received to show that the act of sale was made in error, and that instead of conveying a lot with thirty feet front on Frenchmen-street, it was a lot fronting on Morales-street, and that the plaintiff purchased it for one hundred and fifty dollars, took immediate possession, and built a house on it.

The defendant continued to reside in her house on Frenchmen-street, which was built at the time of the sale. The plaintiff finding out that his deed of sale called for this lot, instead of the other where he resides, now attempts to avail himself of the error or mistake, and recover it from .the defendant. A bill of exceptions was taken by the plaintiff's counsel, to the introduction of witnesses to prove that the description of the lot in the act of sale was made in error, and that the lot really sold fronted on Morales-street.

There was judgment for the defendant, and correcting the description of the lot, so as to make it read, "thirty feet front on *Morales-street,* with the depth of sixty feet." The plaintiff appealed.

*Soulé,* for the plaintiff, insisted that no parole evidence could be received against an authentic act, which made full proof of what it contains.

*Ducros,* contra.

*Morphy, J.,* delivered the opinion of the court.

The defendant purchased from the estate of Pierre Denis Delaronde, a lot of ground in the suburb Marigny, measuring sixty feet front on Frenchmen-street and one hundred and twenty feet in depth and front on Morales-street. In 1830 she sold to plaintiff for one hundred and fifty dollars, a small portion of said lot, which is described in the deed of sale as measuring thirty feet front on Frenchmen-street by sixty in depth. Under this conveyance, the plaintiff took possession of and occupied thirty feet front to Morales-street, by sixty in depth, leaving defendant in possession of the remainder of the lot, to wit: sixty feet on Frenchmen-street by ninety feet on Morales-street; of this portion, defendant in 1834 sold to one La Barthe one-half, forming the corner of Frenchmen and Morales streets, thus reserving to herself thirty feet on Frenchmen-street by ninety in depth, on which she had built a dwelling-house before the time of the sale to plaintiff, and which she had always since occupied and inhabited.

The plaintiff now seeks to recover a lot of ground such as is called for by his deed of sale. Defendant resists this claim on the ground that there was evidently a mistake and misdescription in that instrument; that the piece of ground intended to be sold by her and purchased by the plaintiff was that of which he had taken possession since 1830; which he had improved and where he had been living ever since.

The only question arising in this case grows out of a bill of exceptions taken by plaintiff's counsel to the opinion of the

judge *a quo*, by which he admitted *parole* evidence to prove error and mistake on the part of the notary in describing the portion of the lot intended to be sold. We think the judge decided correctly. This is not an attempt to prove, *by parole*, a sale of immoveable property, nor to contradict a valid existing instrument, but to show that by accident or negligence the instrument in question has not been made the actual depository of the intention and meaning of the contracting parties. How can a mistake of this kind be proved but by *parole?* How can it be proved more strongly than by the acts and declarations of the party himself to whom it is opposed? These acts and declarations, which are extrinsic circumstances, are generally susceptible of proof in no other way than by witnesses. It is on these grounds that testimony is let in to prove fraud in every kind of transaction. Cases of error are sometimes kindred to those of fraud, and should be governed by the same rules. Is it not an actual fraud to claim an undue benefit and advantage from a mere mistake, contrary to the real intention of the parties to a contract? In cases of this kind, to be sure, there should be the strongest proof possible, but to reject testimony altogether would be in many instances to sanction the grossest frauds. 2 *Louisiana Reports*, 3, *Berard's Heirs* vs. *Berard*; 4 *idem*, 350, *Broussard* vs. *Sudrique*; 4 *Starkie on Evidence*, 10 and 18 ; 1 *Vesey's Reports*, 456, *Baker* vs. *Paine*; 1 *Sergeant* and *Rawle*, 464, *Christ* vs. *Diffenback*; 8 *Wheaton*, 211, *Haut* vs. *Rousmanier*.

In the present case it is proved, by a number of respectable witnesses, that shortly after the sale to plaintiff, in 1830, he took possession of the piece of ground fronting on Morales-street, which was intended to be sold to him, and built upon it a small house in which he has been living ever since. That some time after the sale, the plaintiff became aware of the error that had been committed, and expressed himself willing at first to have it corrected, but that he afterwards changed his mind and declared to several persons his intention of availing himself of the circumstance, because the lot described in his deed of sale was of greater value than that of

EASTERN DIST.
*May,* 1840.

PALANGUE
*vs.*
GUESNON, F. W. C.

Parole evidence is admissible to show that the description of a lot in an act of sale was made through error and accident, and that the lot actually sold was a different one from *that* described in the deed.

which he had taken possession ; that at the time of the sale to plaintiff, the defendant had already erected a house, worth about one thousand dollars, on the lot which he now seeks to take away from her, as having been purchased by him for one hundred and fifty dollars. Upon the whole, the evidence establishes, beyond any doubt, the error alleged by defendant, and the shameful bad faith of plaintiff in attempting to take advantage of it.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.