The opinion of the court was delivered by
Watkins, J.
This is a petitory action for the recovery from the executor of E. A. Yorke, deceased, of one-half interest in the Moss Side plantation, to which other collateral interests are joined.
Plaintiffs’ claim is that on the 19th of August, 1869, H. P. Beck-with executed a deed of conveyance to E. A. Yorke and J. D. Hamilton, jointly, of one-half interest in said plantation; and on July 15, 1874, he executed a like conveyance to the same parties, jointly, of the remaining one-half interest in the property.
That on January 22, 1884, John D. Hamilton conveyed his half interest to Mrs. Elizabeth F. Yorke, wife of E. A. Yorke, mother of Mrs. Warner and grandmother of Miss Hamilton, the plaintiffs in this suit. That, consequently, upon the happening of Mrs. Yorke’s death her estate was owner of one-half of the property in her own paraphernal right by conveyance from Hamilton, and one-half of the other one-half as her community interest by virtue of her husband’s acquisition thereof during the marriage. That as she left three heirs at her demise the two plaintiffs inherited, and are the owners of two-thirds of three-fourths, equal to one-half interest in the plantation.
Defendants rely upon a -subsequent transaction which occurred shortly after the death of Mrs. Yorke, between her three heirs and her surviving husband — insisting that the effect of same was to con *1100 vey a title to Edward A. Yorke, and that this conveyance defeat plaintiffs’ title.
On the issue thus joined there was judgment rejecting the plaintiffs’ demands and they have appealed.
Fully recognizing the transaction referred to as an impediment in their way, plaintiffs assumed the burden of removing it from consideration as a title, and in their petition took the initiative thus:
“ That on the settlement of her affairs the said heirs made a family compact with the surviving spouse, E. A. Yorke, a copy of which is hereto annexed, the true intent of which was that the said Yorke was to pay the community debts and enjoy the usufruct of the whole property, both community and separate estate of the deceased, Mrs. Elizabeth Yorke, he agreeing to make a will leaving his whole estate to the heirs.
“That under this agreement the said Edward A. Yorke went into possession of said property, and at about that time executed his olographic will annexed hereto, which was in compliance with said family compact.
“That said E. A. Yorke, using and abusing the confidence thus reposed in him by petitioners, who are non-residents, adopted a scheme to use said instrument as an actual sale of said property, and for this purpose appeared before a notary public in the city of New Orleans, with certain other persons to petitioners unknown, who personated petitioners, and signed an acknowledgment of said agreement hereto annexed, the tendency and effect of which were to recognize said agreement as a valid subsisting transfer of property, and thus deceive the public, petitioners never signing or knowing of said acknowledgment until after the death of said Yorke.
“Now, they aver that said agreement does not in any manner purport to be a sale, nor is it in any legal sense an act of sale, there being no priee and no definite description of the property sold.” (Italics ours.)
In the foregoing elaborate statement we have a clear and defini■.tive exposé of plaintiffs’ case.
It is a noteworthy fact that plaintiffs do not deny or disavow this act, but distinctly affirm its genuineness. They aver that Edward A. Yorke went into possession under it; but charge him with adopting a scheme to use the same as an actual sale of said property by fraudulently procuring its acknowledgment, the tendency of which was *1101 to recognize it as a valid subsisting transfer of property, whereas it does not, in any manner, purport to be a sale, nor in any legal sense is it an act of sale.
The following is the text of the instrument, viz.:
“ We the undersigned children and lawful heirs of Mrs. E. F. Brandenburg, deceased wife of Edward A. Yorke, to-wit: Ella Brandenburg, authorized by her husband, John D. Hamilton, Kate B. Brandenburg, authorized by her husband, Jos. R. Warner, and Charles D. Brandenburg, for and in consideration of the said Edward A. Yorke paying in full with interest a certain mortgage note held by John D. Hamilton on Mrs. E. A. Yorke’s half interest in Moss Side plantation, parish of East Baton Rouge, do hereby transfer all our rights, titles and privileges in said plantation belonging to our late deceased mother, wife of Edward A. Yorke, to said Edward A. Yorke, and by these presents put him in full possession of said property, renouncing all our interest in his favor, the said Edward A. Yorke guaranteeing to protect and assume all mortgages and debts against said plantation.”
Conceding the full force and weight of plaintiffs’ charges against the conduct and acts of E. A. Yorke, in our opinion they do not go to the extent or have the effect claimed for them. The authentication of the instrument, though fraudulently obtained, only enabled Yorke to procure its registry. It did not affect the title. On its face the instrument purports a conveyance and the judge a quo properly gave it effect.
Judgment affirmed.
Rehearing refused.