PROVOSTY, J.
In last analysis the issue presented by the formidable record and voluminous briefs in this case resolves itself into whether, because of a mere clerical error in a description by subdivisions according to the United States surveys, the *101 plaintiff shall be decreed to be the owner of a tract of land which he sold more than 34 ■years ago, to which he has never laid claim ■ since then, and of which his vendee and the assigns 'of his vendee have ever since then supposed themselves to be the undoubted owners.
•• The land in question is the undivided half of the S. W. % of section 18, T. 14, R. 9, parish of St. Mary.
• Under patent No. 686, dated March 29, 1853, plaintiff’s father acquired from the government the N. W. % and W. y¡ of N. E. %. of section 30, in T. 14 S., R. 9 E., containing 320.38 acres; and under patent No. 687, of the same date, he acquired the W. y¡ of section 19 and the S.' W. % of section 18, in the same township and range, containing 639 acres; the whole forming one continuous body of land, with a total acreage of 959.38 acres; and the section 18 thus acquired being the same whereof one undivided half is now claimed by plaintiff.
At the death of plaintiff’s father all of his property, all of which was community property, was adjudicated to plaintiff’s mother.
This was in 1859. In 1867, after the majority of plaintiff, and the emancipation by marriage of his sister and sole coheir, a judgment for a large amount was rendered in favor of plaintiff against his mother, and a like, but separate, judgment was rendered in favor of plaintiff’s sister. Shortly there;after the mother sought to satisfy these judgments by a dation en paiement. The act recites that:
“Wishing to pay off and liquidate her said indebtedness to her said children as far as in her power, she had proposed to her said children to convey to them all of the property she had in her name and possession * * * and that her said children having agreed to her proposition * * * therefore she transferred to them, to each, one undivided half interest in and to the following described property, to wit:
*' “No. 1. That certain tract of land,” etc.
. , “No. 2. Another tract of land,” etc.
, .“No. 3. That remaining balance of that certain tract of land confirmed to. Henry Penn, deceased, by patents Nos. 686 and 687, and being the W. % of Sec. 19, and S. W. % and W. % of N. E. & of Sec. 30, in T. 14 S., R. 9 E., partly marshy, supposed to contain 959.28 acres.”
This description does not include the S. W. Vi of section 18, the land in controversy, nor the N. W. % of section 30, and it includes the S. W. % of section 30; but the S. W. % of section 30 did not belong to the vendor, and admittedly was not intended to be included in the description, whereas the S. W. % of 18 and the N. W. 14 of 30 must have been intended to be included, since they are required to make up the acreage of 959.-28 acres, which were “confirmed to Henry Penn, deceased, by patents Nos. 686 and 687.” There can be no doubt that the land intended to be conveyed was the 959.38 acres acquired by Henry Penn under patents Nos. 686 and 687. True, it is said that the land conveyed is the “balance” of the lands confirmed to Henry Penn under said patents, and it is said that the acreage is “supposed” to be 959.38; but plaintiff does not pretend to say that any part of land acquired by his father under said patents had ever been alienated by either his father or his mother. Therefore the “balance” of the land was the entire land, and the “supposed” acreage was the correct acreage, and the words “balance” and “supposed” must have been used from mere excess of caution. If any part of the land included in patents 686 and 687 had been alienated, and therefore did not fall within the description “balance of the lands confirmed to Henry Penn, deceased, under patents 686 and 687,” such part was certainly not the section 18, for, if same had been alienated by either his father or his mother, plaintiff would not be to-day claiming it. His own case is founded upon the theory that this section 18 was never alienated by his father or mother. He is claiming by inheritance. He does not pretend to derive his title from any vendee or assign of his father or mother. Therefore this section 18 was *102 included in the lands which passed to plaintiff and his sister by the dation en paiement from their mother. The sister’s undivided half thereof has all along been held on that theory, both by her and her assigns, and so has the part now claimed by plaintiff, and. the present claim has evidently been suggested by the discovery of the said error in the description.
One month after, this dation en paiement, namely, on November 29,1869, plaintiff transferred to W. P. Kemper all the property acquired from his mother. But the parties seemed to have had some doubt as to the validity of the dation en paiement made bv the mother, and it was agreed that execution should issue on the judgment against the mother, and that at the sheriff’s sale Kemper should buy plaintiff’s undivided half of the property, and Mrs. Rogers, plaintiff’s sister, should buy her undivided half; Kemper, however, “to take immediate possession of the undivided half of said plantation as his own.” This agreement was carried out by the seizure, sale, and purchase of the property as agreed.
The description in the sheriff’s deed, however, improves in faultiness upon that of the dation en paiement. It makes the same mistakes of including the S. W. % of section 30, which was somebody else’s land, and not intended to be included, and of leaving out section 18; but it also leaves out the W. % of N. E. % of section 30. As in the dation en paiement, however, the land sold is said to be the “balance” of the land confirmed to Henry Penn, deceased, by patents 686 and 687, and the acreage is “supposed” to be 959.21 acres.
On the 1st of May, 1873, plaintiff and W. P. Kemper entered into an agreement reciting that “Isaac D. Seyburn has issued execution in his suit against the property heretofore owned by Henry Penn, Senior, now the property of Mrs. Clara Rogers and said W. P. Kemper,” and stipulating that Kemper shall enjoin the sale, and that, in consideration thereof, plaintiff remits certain interest on the notes given him by Kemper in the purchase of the property. By this agreement the property sold to Kemper was again identified as being the same property acquired by plaintiff’s father under the patents in question.
If we add to this that Mrs. Rogers’ undivided half of this section 18 has all along been considered as part of the property transferred in the dation en paiement, and especially that plaintiff has set up no claim to the property until this late day, though he lived in the neighborhood, we become doubly satisfied that the only thing plaintiff’s case is based on is the said error in the description of the property.
Thát such errors may be rectified, and are harmless when they can be ascertained, is well settled. David M. Gray v. Paulin J. Coco (La.) 36 South. 878[1]; Messick v. Mayer, 52 La. Ann. 1176, 27 South. 815; Wurzburger v. Meric, 20 La. Ann. 416; Palangue v. Guesnon, 15 La. 311; Brown, Tutor, v. Broussard, 43 La. Ann. 964, 9 South. 911; Consolidated Ass’n of Planters of Louisiana v. Mason, 24 La. Ann. 520; Sentell v. Randolph, 52 La. Ann. 52, 26 South. 797; Warner v. Reddy, 46 La. Ann. 1099, 15 South. 365; Ells v. Sims, 2 La. Ann. 251; Thornhill v. Burthe, 29 La. Ann. 639; Bryan v. Wisner, 44 La. Ann. 837, 11 South. 290; Gladdish v. Godchaux, 46 La. Ann. 15.71, 16 South. 451.
Under these circumstances, we consider that it would be a sheer waste of time to enter upon a consideration of the several prescriptions pleaded by defendant.
Judgment affirmed.

 113 La. 33.