LAND, J.
This is a suit to annul a sale of 112, acres of land on the ground of error in the description of the property intended to be conveyed. Plaintiff alleged that she executed the deed of sale in error of the facts, and upon the false and fraudulent representations of the vendee, defendant herein. Plaintiff prayed in the alternative that the deed be corrected, so as to convey the property intended to be sold. Plaintiff alleged that the defendant took possession violently and against her will of a portion of her plantation which she did not intend to sell, including land not even covered by the description in the deed. Plaintiff further prayed for judgment for damages and rents. In an amended petition plaintiff alleged th¿t the *475 price of $2,118.93 named in the deed was represented by an unliquidated indebtedness less in amount than the price specified.
The defendant answered that the property intended to be sold was correctly described in the deed, that he purchased in good faith and for a valuable consideration, and had made valuable improvements on the premises, which cost $5,000. Defendant prayed for a survey of the premises as described in the deed, and that the demand of the plaintiff be rejected, and that the boundaries of the property be fixed as set forth in the conveyance, and, in the alternative, for judgment for 'the return of the purchase price and for the cost of his improvements.
There was judgment in favor of the plaintiff correcting the deed as to description of the land, and reserving the rights of the plaintiff as to rents and revenues and the rights of the defendant as to his claim for improvements. Some five months later the defendant took a devolutive appeal. Plaintiff has in this court prayed that the judgment be amended so as to decree the nullity of the sale, and that she recover rents and revenues as claimed below. During the course of the argument at the bar it was admitted by counsel that the judgment appealed from has been executed at the instance of the plaintiff. This acquiescence precludes plaintiff from asking for an amendment of the judgment. On the other hand, the defendant cannot complain that the plaintiff’s demand for the nullity of the sale was rejected in accordance with the prayer of the answer.
The only remaining question is whether there was error in the description of the property intended to be sold. The judge below so held.
The parties agree that the intention was to sell and buy 112 acres of land to be taken out of the west end of Coleman plantation, fronting on the Bayou Boeuf. The testimony of the plaintiff and her son is in substance that the swamp or marsh lands on the front were to be included in the tract conveyed. The testimony of the defendant is that the land sold was correctly described, in the deed. According to the deed but little-marsh or swamp land would be taken on the front, and all the remainder would be-included within converging lines, making a V-shaped area. In the actual survey made, at the instance of the defendant, the calls of the deed were disregarded so as to square-out the tract. According to plaintiff’s own. testimony the tract sold was to be made-“square,” and what remained of the 200 acres-left “square.” The tract of 112 acres was-to be taken from that portion of the plantation which lay in the bend of Bayou Bceuf,. which is the natural boundary on the west and south. The evidence leaves no doubt that there was error in the description as-stated in the deed even trom defendant’s-standpoint. It is admitted that it was the-common intent to convey 112 acres to betaken in a square from the western portion of the plantation. The natural boundary of this tract on the west and south is the Bayou. Bceuf; and, in the absence of a contrary agreement, it would be presumed that the-parties intended to include in the sale all the land fronting on the bayou. The reservation of a strip of 25 or 30- acres between, the tract sold and the banks of the stream would have been unusual and exceptional.
The plaintiff and her son testified that there was a distinct understanding that the-swamp or marsh land between the public-road and the banks of the stream was included in the bargain. The defendant testified to the contrary. The deed contained an agreement to establish the lines at an early date. When, after running six acres along the banks of the bayou, the surveyor, following the description contained in the deed,, diverged towards the east, the plaintiff and. her son protested against the proceeding.
*477 The plaintiff, since deceased, testified in part as follows:
“The lines as Mr. Thibodaux had them run out by Mr. Johnson were not anything like they were intended to be in the original agreement to sell. These lines do not include any swamp or marsh land, but do include all the best portion of my high land and two cabins which I never intended to sell him.”
The witness also stated that these cabins were built after the sale to the defendant. The description of the property was dictated by the defendant to the notary, who read the act in the presence of the plaintiff, who testified that she knew nothing about description of land or lines, and relied solely on defendant’s assurance' that the description 'was correct.
We see no good reason to disturb the judgment on questions of fact involving the credibility of the witnesses. The original agreement was known to but three witnesses; that is to say, the plaintiff, her son, and the defendant. The preponderance of the evidence is in favor of the plaintiff’s contention that there was error in the description of the land intended to be sold.
By the judgment of the district court the water edge of the bayou is fixed as the .boundary line of the tract on the west and south. We are not informed by the evidence whether or not that water edge marks the line of ordinary high water in the bayou, the procSs verbal of the surveyor shows that at a high stage the water extends to what he calls “formerly the bank of the bayou,” and that between this bank and the present water edge is a “sort of batture or soft marsh.” Between the former bank and the public road is a “slough or swamp,” containing some wood and arable land. Plaintiff’s original contention, as shown by the testimony of herself and son, is that the defendant proposed to purchase about 112 acres,' consisting of high land and his share of the swamp or marsh land. No objections were made to running the line on the old banks of the bayou as was done in the first survey. It is-hardly conceivable that the defendant agreed to pay $20 per acre for 25 or 30 acres of mud flats subject to be covered at high tide by the waters of the Gulf of Mexico. Our conclusion is that the judge below erred in fixing the water’s edge as one of the boundaries of the 112 acres intended to be conveyed.
The price consisted of an indebtedness, partly represented by mortgage notes, due-by the plaintiff to J. N. Pharr, which was paid and settled by the defendant. The sale-was therefore an executed contract, and the only question is as to the extent of the premises intended to be conveyed. An error in the description of real estate contained in am act of sale can always be corrected as between, the parties. Bevy v. Ward, 33 Ba. Ann. 1033. In such cases the error is not as to the thing,, but in its description. If there is no error as to the thing itself, there is no ground for nullity because of mere misdescription. In such cases the proper remedy is by an action, to reform the instrument so as to make it conform to the true agreement of the parties.
It is therefore ordered that the judgment appealed from be so amended as to fix the lines represented by the letters P, G, H, J, S, T, V, W, on the map made by Walter T. Kemper, surveyor, as the boundaries of the tract of land in dispute, and that, as thus-amended, said judgment be affirmed.