LAND, J.
Plaintiffs sued the defendant to recover the sum of $9,000 for the value of timber wrongfully cut by defendant on a certain described tract of land, alleged to he the property of the plaintiffs, under conveyances set forth in the petition. The petition also charged that the defendant in cutting and removing said timber acted in bad faith, and without right or color of title.
Defendant answered, denying the alleged title of the plaintiffs, and asserting title in itself. Defendant further pleaded the prescription “acquirendi causa” of 10 and 30 years. During the trial the defendant filed an exception of no cause of action, which was overruled. On the merits there was judgment in favor of the defendant, from which the plaintiffs have appealed.
Levi L. Red, the common author, on September 24, 1870, bought the following described tract of land, to wit:
“A certain piece or. parcel of land situated, lying and being on the north side of Red river in the parish and state aforesaid, known as the Samuel Porter Rickett, containing the quantity of three hundred and thirty-eight acres more or less, with all the improvements situated thereon.”
On January 4, 1871, Levi L. Red sold to Mrs. Mary A. Hickman, widow, the following described land, to wit:
. “A certain piece or parcel of land, situated m the parish and state aforesaid, and on the Bayou Plaggon, on the north side of Red river, being the northeast portion of the Samuel Porter Rickett, containing one hundred and twenty acres more or less, bounded on the front by the Bayou Plaggon, on the east by the land of Wilson and Pettway, south by lands of this vendor, northwest by land unknown.”
On December 3, 1874, Levi L. Red sold to his son, Elijah Red, 100 acres of land, situated on Bayou Plaggon and being a part of the Samuel Porter Rickett; “lines and boundaries to be fixed by the parties.”
On December 14, 1874, Mrs. Mary A. Hickman sold to her son, William Hickman—
“a certain tract or parcel of land situated in the parish and state above mentioned, and being a portion of a tract of land known as the 'Samuel Porter Rickett,’ containing forty (40) acres, more or less, and situated on the north end of the above-named tract, and bounded as follows: On the north by vacant lands, on the east by lands of the estate of Pettway, on the south by Mary Ann Hickman’s lands, on the west by lands of Levi L. Red, and being in township five north, range two east, section number twenty-six.”
In January, 1875, Mrs. Mary Ann Hickman sold to her son, Roland Hickman— '
“a certain tract or parcel of land, being a portion of. the tract known as the Samuel Porter Rickett, containing eighty acres more or less, and bounded on the north by land of William Hickman, on the south by Elijah Red, on the east by Pettway, and on the west by Levi L„ Red.” '
On December 30, 1875, Elijah Red sold to Louis Abadie—
“one hundred acres of land and improvements thereon situated on Bayou Plaggon and about 12 miles from Alexandria * * * and being a part of Rickett known as Samuel Porter Rickett.”
On the same day Levi L. Red sold to Louis Abadie—
“a certain piece or parcel of land situated, lying and being on the north side of Red river in the parish and state aforesaid with all the buildings and improvements thereon and on Bayou Plhggon known as the Samuel Porter Rickett, containing the quantity of two hundred and eighteen acres.”
Plaintiffs claim under the Louis Abadie title. Defendant claims under the Mary Ann Hickman title.
The Samuel Porter Requette was a Spanish grant, duly confirmed, containing, in round numbers, 338 acres, and was designated on the United States surveys as section 26, township 5 N., range 2 E.
The deed from Levi L. Red to Elijah Red, and the deed from Elijah Red to Louis Aba *1017 •die, contain no description by metes and bounds.
The deed from Levi L. Red to Louis Abadie conveyed a piece or parcel of land with all the buildings and improvements thereon and on Bayou Elaggon, known as the “Samuel Porter Rickett,” containing 218 acres.
Levi L. Red doubtless intended to sell all the land he owned in the Requette after deducting the 120 acres previously conveyed to Mrs. Hickman. The tract of 218 acres conveyed to Louis Abadie was described “as situated, lying and being on the north side of Red river * * * and on Bayou Elaggon, known as the Samuel Porter Rickett” The specific acreage forbids the construction that the vendor intended to convey the whole Requette, containing 338 acres. If the descriptive words, “and on Bayou Elaggon,” refer to the entire Requette, then there is no description of the particular part of the whole intended to be conveyed. If such words refer to the p" "ticular tract of 218 acres, then they locate the same on the Bayou Elaggon.
The Requette, or section 26, is an oblong tract of land about 40 chains wide by 110 in depth. The side lines run northwest and southeast.
•Some time prior to the institution of the present suit, the plaintiffs employed R. W. Bringhurst, Jr., parish surveyor, to locate their 218 acres of land in the Samuel Porter Requette. The surveyor endeavored to locate the Abadie claim, which had no metes and bounds by fixing the limits of the Hickman tract of Í20 acres. In so doing he assigned to that tract a frontage of 10.62 chains on Bayou Elaggon by a depth of 110.20 chains. The result was a long, narrow strip of land carved out of the eastern portion of Requette. This result seems unavoidable, if, as a matter of fact, the parties intended that the 120 acres should have a front on the bayou, and be taken from the east side of the Requette. The Bayou Elaggon being the southern boundary of that grant, the call in the deed, “south by the land of this vendor,” 'becomes impossible if the Hickman tract be given a frontage on the bayou. The surveyor cut the knot by substituting “west” for “south.” It is argued with great force by counsel for the defendant that the parties could not have intended such an awkward division of rural lands, contrary to the established custom of selling in square blocks. It is further argued that the Hickman deed calls for the “northeastern portion” of the Requette, and not for a strip off the eastern portion, and, also, that the same deed calls for a tract bounded on the south by the lands of the vendor.
To say the least, the description in the deed is ambiguous and conflicting, and the court is called upon to inquire what construction was given to the instrument by the parties in interest.
It appears from the two deeds from Mrs. Hickman to her two sons, both of which were witnessed by Levi L. Red, that she conveyed to them 120 acres in the north portion of the Requette, and north of that portion claimed by Elijah Red under the deed from Levi L. Red. The deed to Roland Hickman describes the 80 acres to him sold as “bounded on the north by land of William Hickman, on the south by Elijah Red, on the east by Pettway, and on the west by Levi L. Red.” The deed to William Hickman calls for 40 acres on the north end of the Requette. The recitals of the deed to Roland Hickman prove conclusively that the parties understood in January, 1875, that the Mrs. Hickman tract lay north of a body of 100 acres of land owned or claimed by Elijah Red. It is true that the west call for land of Levi L. Red tends to show that the Hickman tract did not extend the whole width of the Requette. The south call, however, excludes the call for front on the bayou as recited in the deed from Red to Mrs. Hickman.
*1019 Our conclusion is that it cannot be determined with legal certainty from the recitals of the three deeds where the Mrs. Hickman tract of 120 acres was located. As the Abadie titles set forth no metes and bounds, the question of location must be determined by the possession of the Hickmans, with the knowledge and consent of Levi L. Red and Elijah Red, according to the rule that:
“The limits must be fixed according to the respective titles of the parties. In the absence of title, on both sides, possession governs.” Civil Code, art. 845.
In this case, as the language of the description is both uncertain and ambiguous, the particular construction put upon the deed by the parties may be resorted to to aid in ascertaining their intention. 13 Cyc. 627.
It is proved by the overwhelming preponderance of the .evidence that Mrs. Hickman and her sons occupied for years the northern portion of the Samuel Porter Requette.
Judgment affirmed.