(60 South. 199.)

No. 19,105.

GARRETT v. SPRATT et al.

(Nov. 18, 1912. Rehearing Denied Dec. 16, 1912.)

*(Syllabus by the Court.)*

1. COURTS (§ 487*) — APPELLATE COURTS — TRANSFER OF CAUSES.

Where the value of the land in controversy is not disclosed by the pleadings, it may be established by affidavits filed in the appellate court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1307–1315; Dec. Dig. § 487.*]

2. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE — JACTITATION SUIT — RIGHT OF ACTION.

Where the defendant in a jactitation suit admits the slander and claims title, the suit is thereby converted into a petitory action, in which the defendant must recover on the strength of his own title.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

3. PUBLIC LANDS (§ 135*) — DISPOSAL BY UNITED STATES—TRANSFER OF RIGHTS.

A misdescription in a land entry, which was corrected by the United States Land Office before issue of the patent, may always be corrected as between the original entryman and his vendee, and their heirs, legal representatives, and assigns, where the parties contracted with reference to the particular tract as correctly described in the application for entry, but which through error was misdescribed in the receiver's receipt.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 351–362; Dec. Dig. § 135.*]

4. LIBEL AND SLANDER (§ 140*)—JACTITATION SUIT—DEFENSES—OUTSTANDING TITLE.

The plea of an outstanding title will not avail the defendant in a jactitation suit who has by his pleadings assumed the attitude of a plaintiff in a petitory action.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

Appeal from First Judicial District Court, Parish of Caddo; Edgar W. Sutherlin, Judge.

Action by L. P. Garrett against J. M. Spratt and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Herndon & Herndon, of Shreveport, for appellants. D. Edward Greer, of Beaumont, Tex., and Thigpen & Herold, of Shreveport (F. C. Proctor, of Beaumont, Tex., of counsel), for appellee.

LAND, J. This is a jactitation suit in which plaintiff claims the ownership of the N. W. ¼ of S. E. ¼ of section 4, township 21 north, range 16 west, and alleges actual possession of the property at the date of the institution of the action. Plaintiff's chain of title, as alleged, is as follows:

United States to Benjamin O. McReynolds by certificate, which, through error, described the land as the N. W. ¼ of N. E. ¼ of same section, township, and range.

Estate McReynolds to Widow McReynolds by inheritance.

Mrs. McReynolds to Jessee D. Jones; Jessee D. Jones to Samuel Alexander; and sole heir of Samuel Alexander to the plaintiff.

The petition alleges that Jones and Alex-

ander, under their respective titles, took possession of the N. W. ¼ of S. E. ¼ of section 4, township 21 north, range 16 west, and that the error in the certificate of entry was discovered by the General Land Office, and in 1899 a patent issued on the McReynolds entry of 1860 describing the land as the N. W. ¼ of S. E. ¼, section 4, township 21 north, range 16 west.

The defendants are the nonresident heirs of Mrs. McReynolds, who were cited through a member of bar appointed as curator to represent them. ·

Defendants appeared by counsel and answered, pleading the general issue, and denying especially possession in the plaintiff. For further answer the defendant set up title as follows:

United States to Ben O. McReynolds; Mrs. Sarah McReynolds by tax sale May 12, 1902, to the state of Louisiana; state to Mrs. McReynolds June 10, 1910, by redemption tax sale.

The answer avers that the respondents are the sole heirs and legal representatives of Benjamin O. McReynolds and his wife, Sarah McReynolds, and are the owners of the land in controversy.

The prayer is that the plaintiff's demand be rejected and the respondents be declared to be the legal owners of said property and entitled to possession thereof.

Plaintiff filed a replication, in which he set up his chain of title with more particularity, and alleged that in all the various transfers the land was misdescribed, and that the misdescription was the result of a clerical error originating in the Land Office at Natchitoches in the matter of the application of McReynolds for the purchase of the N. W. ¼ of S. E. ¼ of section 4. Plaintiff further alleged that the various parties in the chain of title took possession of said N. W. ¼ of S. E. ¼, and that their intention was always to buy and sell said tract of land,

and that the error in description was never discovered until 1899, when the patent was issued in the name of McReynolds. Plaintiff prayed that, in the event the court should hold that the correction of the title by the land office did not inure to the benefit of the vendees and transferees of Mrs. McReynolds, the acts of sale be corrected and reformed so as to properly describe the property.

There was judgment in favor of the plaintiff, and the defendant has appealed.

[1] A motion to transfer the cause to the proper court of appeal, as provided by Act No. 19 of 1912, has been filed by the appellants on the ground that the amount in dispute is only $300.

Plaintiff paid $300 for the land in dispute and other lands. But the price named in a deed is not conclusive of value; and affidavits filed in this court show that the plaintiff has paid more than $2,000 for the land in controversy, and that the same is worth over $2,000. Such affidavits may be considered. Goodrich v. Newell, 43 La. Ann. 378, 8 South. 921; Oil Co. v. Mayor, 47 La. Ann. 863, 17 South. 343.

The motion to transfer the case is overruled.

[2] The evidence shows actual possession in Samuel Alexander for a number of years, and actual possession in the plaintiff.

Defendants by their answer converted the suit into a petitory action and must recover on the strength of their own title. Teddlie v. Riser, 121 La. 672, 46 South. 688.

[3] In 1860 Benj. O. McReynolds made application to enter the N. W. ¼ of the S. E. ¼, section 4, but through an error of some officer or clerk in the Land Office the land was described in the receiver's receipt as the N. W. ¼ of N. E. ¼ of section 4. The tract thus described had been included in the entry of James Connelly, made in the year 1859, of the N. ½ of the N. E. ¼ of the

same section. The error in the record of the entry made by McReynolds was discovered in the year 1899. The error was corrected, and a patent to the N. W. ¼ of the S. E. ¼ of section 4 was issued in the name of McReynolds as the original entryman.

Defendants cannot dispute the misdescription in the title of their ancestor without admitting title in James Connelly, the first entryman of the tract of land as described in the certificate issued to McReynolds.

There was no error as to the particular tract of land intended to be conveyed by Mrs. McReynolds to Jones, and by Jones to Alexander.

Mrs. McReynolds in 1871 sold by warranty deed to Jones every acre of land which her husband had purchased from the government. The deed recites that the sale was made in pursuance of a contract of sale and bond for title from B. O. McReynolds to Jessee D. Jones, bearing date December 12, 1869. Error in the description of the thing sold can always be corrected as between the parties, their heirs, representatives, and assigns. Coleman v. Thibodaux, 119 La. 474, 44 South. 269; Levy v. Ward, 33 La. Ann. 1033.

[4] After the misdescription had been corrected by the United States Land Department, and a patent had issued in the name of Benj. O. McReynolds, the land in dispute was assessed to Mrs. Sarah McReynolds for the taxes of 1901, and was adjudicated to the state in May, 1902. In 1908 the same land was assessed to B. O. McReynolds, and was adjudicated to the state in June, 1909. In June, 1910, the property was "redeemed to the said B. O. McReynolds." This adjudication and redemption did not affect the title to the land. As to the adjudication of 1902, we may say that, if valid, it would simply show title in the state; and the defendants, occupying the position of a plaintiff in a petitory action, have no interest in establishing title in a third person, but must recover, if at all, on the strength of their own title. The same remarks apply to the Huckaby tax title, which, however, does not cover the land in controversy.

Judgment affirmed.