LECHE, J.
In this p.etitory action, plaintiffs claim, as heirs of John Liles, to be the owners of the S. % of N. W. % and lot 4 of section 2, township 12 north, range 4 east, containing 134.70 acres oS land situated in the parish of Caldwell. Defendant is in possession of the property, and he claims the ownership of same through mesne conveyances, also from John Liles, alleged author in title by inheritance of plaintiffs.
On July 8, 1858, John Liles acquired from Wade H. Hough various tracts of land, including that herein sued for, adjoining one another; and it is expressly mentioned in said act of sale that the property is the same that had been purchased by vendor on January 12, 1858, from Robert N. Rabb, together with all of the buildings and improvements situated thereon, and together with all the crops growing thereon. On December 6, I860, John Liles sold to William Hogan, author in title of defendant, certain lands, “being the same purchased by this vendor from Wade H. Hough on the 8th day of July, 185S, as per deed on file,” etc., but in describing the various tracts, which by this clause, purport to be the same as those acquired from Hough, the following tract is described in lieu of the one •herein sued for, viz.: “S. % of S. W. % and lot four (4) in section 1, containing 134.70 acres.”
The various tracts of land bought by Liles from Hough were, from their descriptions, adjoining one another, cultivated in one body, and constitute what has been known for years in the community where they are situated as “Hogan’s plantation.”
[1] It is not disputed that Hogan went into possession of the land as described in the deed from Hough to Liles, although in his deed from Liles the tract of 134.70 acres is described as “S. % of S. W. % and lot 4 of section 1,” instead of “S. % of N. W. % and lot 4 of section 2,” as contained in the deed from Hough to Liles. Succeeding transfers and conveyances, including that.by which defendant acquired, continued to describe the tract of 134.70 acres, in the same manner as it is described in the sale to Hogan, and subsequent vendees continued to possess, just as Hogan did, the tracts as described in the sale from Hough to Liles.
The question, therefore, which is presented for decision is whether Liles, in whose shoes plaintiffs stand, could, under the circumstances, recover from the defendant the tract of land in dispute.
The transfer of possession by Liles to Hogan on December 6, 1860, and Liles’ silence and inaction from that time, through himself and his heirs, until April, 1914, would seem an absolute bar against plaintiffs’ right to recover.
[2, 3] But no third person’s rights having intervened, there can be no question as to the right of defendant, as against his authors in title, to bring an action to have his deed reformed and corrected as to the description of the property. Garrett v. Spratt, 131 La. 711, 60 South. 199; Penn v. Rodriguez, 115 La. 174, 38 South. 955; Coleman v. Thibodaux, 119 La. 474, 44 South. 269. It being conceded that defendant has such a right of action, it follows that he may use the same right as a defense. C. P. art. 20.
[4, 5] The transfer of possession by Liles to Hogan, the same acreage of 134.70 con *853 tained in the act from Liles to Hogan as that contained in the act from Hough to Liles, and the clause in Hogan’s deed, “being the same-land purchased by the vendor Liles from Hough on July 8,1858,” are sufficient to show that the description in the latter deed, was a clerical error, and that Liles, in lieu óf “S. y2 of S. W. % and lot 4 in section 1,” which he did not own, intended to sell to Hogan “S. y2 of N. W. % and lot 4 in section 2,” which he ■did own and which he had bought from Hough. < •
“Where reference is made in an act of sale of real estate, to the title under which the vendor holds, both acts should be consulted, and taken together, to ascertain the true description of the property.” Lawler v. Bradford, 113 La. 415, 37 South. 12.
See, also, Sabatier v. Bowie Lumber Co., 129 La. 658, 56 South. 628; Bender v. Chew, 129 La. 855, 56 South. 1023; Abadie v. Lee, Lumber Co., 128 La. 1019, 55 South. 658; Ganucheau v. Monnot, 130 La. 470, 58 South. 150.
We believe the record clearly shows that defendant owns the property in dispute, and that it would be unconscionable to permit plaintiffs, who stand in this litigation as his vendors and warrantors, to reap advantage from an error for which they are, in .effect, primarily responsible.
The judgment of the district court was in favor of defendant, and it is affirmed.