AYRES, Judge.
The object of this action is the reformation of a deed executed pursuant to a judicial sale under a writ of fieri facias issued out of the Justice of the Peace Court in and for Ward Seven of Sabine Parish, Louisiana, and directed to the Constable of said Ward, wherein an undivided one-sixth interest in and to the West Plalf of the Southeast Quarter, Section 25, Township 10 North, Range 12 West, was seized and sold, but which, in the deed executed by the Constable by virtue of said sale, was erroneously described as located in Township 12 North, Rang'e 10 West. From a judgment reforming the deed to conform to the description of the property actually seized and sold defendants have appealed.
The material facts may be briefly stated. Plaintiff claims ownership of the aforesaid property by deed duly recorded, dated November 14, 1955, from Mrs. Virginia Gaddis Godfrey, who acquired same by inheritance from and as the sole and only child and heir of P. M. Gaddis and Mrs. Alma Mumford Gaddis, both deceased. P. M. Gaddis acquired the property March 1, 1930, by a Constable’s deed recorded in Book 49, p. 305 of the aforesaid records executed pursuant to a judicial sale thereof under a writ of fieri facias issued out of the aforesaid Justice of the Peace Court *474 to satisfy a judgment rendered in favor of the Gaddis Company against one Jim Dyess. Jim Dyess is shown to have acquired said interest in the aforesaid property by inheritance from his father, James Dyess. Jim Dyess, who has since died, left neither ascendants nor descendants, but a brother, Clyde Dyess, and a sister, Evelina Dyess Singleton, as his sole and only heirs, who are made defendants herein.
No specific defense was urged to plaintiff’s demands for a reformation of the deed nor was the judicial sale of the property attacked or the validity of the deed assailed in any manner. Defendants’ answer was a general denial of plaintiff’s allegations.
The error in description of the property sought to be corrected obviously arose from the transposition of the township and range numbers in the preparation of the deed. From the conveyance and assessment records and from the testimony of the custodian of those records, the property in which Jim Dyess owned an interest was actually located in Township 10 North, Range 12 West instead of Township 12 North, Range 10 West. The records further establish that the property involved is located in Ward Seven of Sabine Parish, Louisiana, and, therefore, within the territorial jurisdiction of the court from which the writ of execution issued, whereas Township 12 North, Range 10 West, the description recited in the deed, is shown to be located in Red River Parish, Louisiana. A further detailed discussion of the evidence will not be undertaken inasmuch as the record fully and completely establishes the identity of the property advertised, seized and sold, although erroneously described in the deed conveying same. No contention is made to the contrary.
In the absence of the intervention of the rights of third persons, and no such rights are shown to have intervened here, there can be no doubt that where the property intended to be sold, and was actually sold, has not been correctly described, the error may be corrected by an action to reform the instrument. Levy v. Ward, 33 La.Ann. 1033; Penn v. Rodriguez, 115 La. 174, 38 So. 955; Coleman v. Thibodaux, 119 La. 474, 44 So. 269; Garrett v. Spratt, 131 La. 707, 60 So. 199; Frantom v. Nelson, 142 La. 850, 77 So. 767; Lattimer’s Heirs v. Gulf Refining Co., 146 La. 249, 83 So. 543; Waller v. Colvin, 151 La. 765, 92 So. 328, 331.
In Weller v. Colvin, supra, it was stated:
“An error in the description of real estate may always be corrected between the parties to the act in which it appears, yet such error cannot be corrected to the prejudice of third persons, acting in good faith, and acquiring rights with respect to the property as erroneously described. Adams v. Drews, 110 La. 456, 34 So. 602.
“In cases of misdescription of the property in the deed, the act of sale is a valid instrument irregularly drawn up but which can be rectified so as to accord with the original intention of the parties. In such cases, the error is not as to the thing, but in its description, and the proper remedy is by action to reform the instrument, so as to make it conform to the true agreement of the parties. Levy v. Ward, 33 La.Ann. 1033; Coleman v. Thibodaux, 119 La. [474] 478, 44 So. 269; Armstrong v. Armstrong, 36 La.Ann. 549.
“Parol evidence is admissible for showing an error in description of real estate in an act of sale, even though its effect be to take out one piece of real estate from the act and substitute another piece in its place. Sims v. Jeter, 129 La. 266, 55 So. 877; Palangue v. Guesnon, 15 La. 311; Levy v. Ward, 33 La.Ann. [1033] 1035; Vignie v. Brady & Charpeaux, 35 La. Ann. [560] 562.
*475 “In such cases, the attempt is not to prove by parol a sale of immovable property, nor to contradict a valid existing written instrument, but to show that the instrument does not express the meaning and intention of the contracting parties. Vignie v. Brady, 35 La.Ann. [560] 562, cited supra.”
The above rule applies where the sale is a judicial sale and where the subject of the sale is .real estate. For instance, it was stated in Lattimer’s Heirs v. Gulf Refining Company, supra [146 La. 249, 83 So. 545] :
“There can be no doubt that, where the thing intended to be sold and actually sold has not been described correctly, the error may be corrected, and that even where the subject of the sale is .real estate and the sale is a judicial sale such error may be shown by parol; but before a correction of this kind can be made the court must be entirely satisfied that the property involved in the alleged error was actually the subject of the sale.”
We find no error, therefore, in the judgment ordering a correction of the description of the property as contained in the deed so as to conform to a description of the property intended to be sold and, in fact, actually sold.
Appellants contend in brief only that the record fails to establish that the property was appraised or that Jim Dyess was notified to appoint appraisers to value said property prior to the sale of March 1, 1930. These matters are not put at issue by their suggestion in counsel’s brief. Moreover, such informalities o.r irregularities, if their reality should be shown, would not render plaintiff’s title absolutely null. The contention made could only be presented by direct action of nullity and not in a collateral proceeding. A transfer of real estate that is only voidable, not absolutely void, cannot be annulled except by a direct action of nullity against the parties to the transaction. Vinton Oil & Sulphur Co., Ltd. v. Gray, 135 La. 1049, 66 So. 357; Richardson v. McDonald, 139 La. 651, 71 So. 934.
 Moreover, as pointed out in the first of these authorities, judicial proceedings are presumed to have been regular until the contrary is shown, and a sheriff’s or constable’s deed constitutes prima facie evidence and full proof until rebutted..
We are of the opinion, however, that the character of the action being one for the reformation of a deed executed pursuant to a judicial sale, the matter of ownership or title to the property was not an issue except as an incident to the action for reformation. Defendants should not he barred or precluded by the finality of the judgment in the instant case from asserting the invalidity or nullity of the judicial proceedings in a proper action, if they should so contend and desire, particularly in view of the fact such issues cannot be presented in the present action. Therefore, an issue of title or ownership should only be determined if and when presented in a proper action and when the necessary parties are before the court. For these reasons, it follows the judgment appealed should be amended by the elimination of that portion of the decree pertaining to ownership.
Therefore, in view of the provisions of LSA-R.S. 13:4202, requiring that in all final judgments affecting the title to immovable property the appellate courts, as well as the district courts, shall particularly describe the property affected thereby,
It is, therefore, ordered, adjudged and decreed that the judgment appealed be amended and, as amended, affirmed, and that, accordingly, the deed executed by the Constable of Ward Seven, Sabine Parish, Louisiana, on the 1st day of March, 1930, in the matter entitled “The Gaddis Company v. Jim Dyess”, No. 131 on the docket of the Justice of the Peace Court of Ward Seven, Sabine Parish, Louisiana, which is *476 recorded in Book 49, p. 305 of the Conveyance Records of Sabine Parish, Louisiana, be and the same is hereby corrected and reformed so that the description in said deed shall read:
An undivided one-sixth interest in and to the West Half of the Southeast Quarter, Section 25, Township 10 North, Range 12 West.
It is further ordered, adjudged and decreed that the defendants pay all costs, including the cost of this appeal.
Amended and affirmed.