HOOD, Judge.
Plaintiff, Jeff Campbell, instituted this suit for judgment decreeing him to be the true and lawful owner of a 16.5-acre tract of land in LaSalle Parish, and decreeing that a deed from Sim B. Thomas to Clyde P. Ganey, dated March 8, 1928, be reformed and corrected to show that the same tract of land was actually conveyed by that deed. Plaintiff contends that by this 1928 deed Sim B. Thomas intended to sell to Clyde P. Ganey, and Ganey intended to purchase, the following described property situated in LaSalle Parish, Louisiana, to-wit:
The North Half of the Southwest Quarter of the Northeast Quarter (N 1/2 of SW 14 of NE i/4, of Section 2, Township 8 North, Range 2 East, Less and Except three (3) acres previously sold to Mary Ireland and Less and Except one-half ('i/2) acre, more or *165 less, previously sold to George Hassan, containing 16.5 acres, more or less.
Plaintiff alleges, however, that a mistake was made in the description contained in that deed, and that because of that mistake the deed erroneously purports to convey to the purchaser the East Half, instead of the North Half, of the 40-acre tract therein described (less three and one-half acres previously sold). Accordingly, plaintiff contends that he is entitled to judgment reforming the 1928 deed to show the correct description of the property which the parties intended to convey.
The defendants in this suit are the surviving heirs of Sim B. Thomas, now deceased, who was the vendor in the deed which plaintiff seeks to reform. The defendants filed an answer denying substantially all of the facts alleged by plaintiff, and praying that his demands be rejected. On the day of the trial defendants also filed an exception of no cause of action, which was overruled by the trial court, and an exception of no right of action, which was referred to the merits.
After trial of the case, judgment was rendered by the trial court in favor of plaintiff and against defendants, decreeing that the deed from Thomas to Ganey, dated March 8, 1928, be reformed and corrected to show that the North half, rather than the East half, of the 40-acre tract therein described was conveyed by that deed. Defendants have appealed from that judgment.
The evidence establishes that on and pri- or to February 8, 1913, Sim B. Thomas owned property in LaSalle Parish which included a tract, containing approximately 40 acres, described as the Southwest quarter of the Northeast quarter (SW 14 of NE l/Q of Section 2, Township 8 North, Range 2 East of the Louisiana Meridian. On February 8, 1913, Thomas sold to J. A. Chapman the South half of that 40-acre tract, and after Chapman’s death his widow sold it to J. U. Greer, the deed to Greer being dated June 15, 1914. Since 1914, therefore, Greer has owned the South half of that 40-acre tract.
After 1913 and before March 8, 1928, Sim B. Thomas sold a one-half acre tract to George Hassan and a three-acre tract to Mrs. Mary Thomas Ireland, both of the tracts so conveyed being located in and constituting parts of the Northeast ten acres of the 40-acre tract originally owned by Thomas.
On March 8, 1928, the deed which plaintiff now seeks to reform was executed. By that deed Sim B. Thomas purported to convey to Clyde P. Ganey a tract of land containing 16.5 acres, more or less, which is described in the deed as being the East half of the original 40-acre tract, less the three and one-half acres previously sold. Thomas at that time, of course, did not own all of the East half of that forty (less the acreage specifically excepted from the sale), a portion of it having been previously sold by him to Chapman in 1914. He did own all of the North half of the forty (less the part specifically excepted) and, as has already been pointed out, plaintiff contends that the parties to that sale actually intended to transfer title to the North half of that 40-acre tract.
On July 28, 1929, Clyde P. Ganey sold the property to M. I. Campbell, but in that deed, as in the sale to Ganey, the property was described as the East half of the 40-acre tract. M. I. Campbell owned the property for almost 30 years, and on January 8, 1959, he sold it to his son, Jeff Campbell, who is the plaintiff in this suit. In the 1959 deed to plaintiff the same allegedly erroneous description was used, the deed purporting to convey to the purchaser the East half of that forty. M. I. Campbell died in 1960, which was prior to the time this suit was filed.
Clyde P. Ganey, the only living original party to the deed which plaintiff seeks to reform, testified that in that transaction he intended to buy from Thomas, and Thomas intended to sell to him, the North half of that 40-acre tract. He stated that at the time of the purchase he walked over the *166 property with Thomas, and that Thomas pointed out to him that Greer owned the South half of the forty and that he was selling to Ganey the North half. According to Ganey’s testimony, some time prior to 1928 Greer constructed a fence running east and west dividing the North half from the South half of this 40-acre tract, and that this fence was in existence at the time he and Thomas walked over the land. After the sale was completed Ganey built a house in the Northeast ten acres of that forty, and he lived in that house for approximately one year, until he sold the property to M. I. Campbell. He further testified that while he owned the property he sold timber from the northwest 10 acres of the forty, and that the timber was cut and removed from that particular part of the land at that time.
The evidence further establishes, without contradiction, that immediately after M. I. Campbell purchased the property from Ganey in 1928 he went into possession of all of the North half of the original 40-acre tract (less the three and one-half acres excepted from the sale). He farmed parts of it, fenced' portions of it, including the extreme northwestern portion of the forty, and cut -timber from various parts of the North half of said forty. The evidence also shows that the fence, originally constructed by Greer, does not extend the .full length of the line separating the North half from the South half of that forty, but it does extend along the major portion of that line, and in our opinion it constitutes a visible marker separating the North and South halves of that tract. This fence has been maintained in that location continuously since 1928, with Ganey and his assigns occupying the land immediately north of that fence and the Greers occupying the land south of it. Neither Sim B. Thomas, nor any of his heirs, ever claimed title to any part of the North half of this forty from March 8, 1928, until shortly before this suit was instituted in 1961.
No right, title or interest in and to the North half of this forty has been acquired by a third person since the execution of the deed which plaintiff seeks to reform, so no issue is raised in this suit as to the right of a third person who may have purchased property on the faith of the public records'.
After considering all of the facts, the trial judge concluded that an error was made in the description contained in the 1928 deed to Ganey, and that plaintiff was entitled to judgment reforming and correcting that deed to show the true intent of the parties. In his written reasons for judgment the trial judge said:
“The testimony of Mr. Ganey is in no wise contradicted. He stated that after the division line or fence between Mr. Greer’s property and that of Mr. Thomas was shown him and after Mr. Thomas explained to him which was Mr. Greer’s and which piece was Ganey’s, he took possession and then later sold.
“The evidence shows that M. I. Campbell possessed the North Half, and also Jeff Campbell. This possession consisted of living on it, fencing a portion, and farming a portion.
“The Court is of the opinion that the plaintiff has proven his case. The evidence is convincing that there was an error in the description, and it is the opinion of this Court that plaintiff is entitled to have the deed reformed to reflect the intention of the parties.”
Counsel for appellants contends, however, that an action to reform a deed conveying immovable property does not lie unless the instrument of conveyance is so ambiguous that it requires some interpretation as to what property was actually conveyed. The deed which plaintiff seeks to reform here, they point out, is not ambiguous, and for that reason they maintain that plaintiff is .not entitled to the relief which he demands. In support of this argument counsel relies on the case of Plaquemines Oil and Development Company v. State, 208 La. 425, 23 So.2d 171.
*167 The Plaquemine Oil and Development Company case involved the interpretation of a patent, in which the description was so ambiguous that it was impossible to determine from that description what land the State actually intended to convey. Under one interpretation of the description the patentee would acquire 2425 acres of land and under another interpretation he would acquire only about 400 acres. The Supreme Court held that in such a case, where the instrument is so ambiguous as to leave the mind in doubt as to what the parties intended, extrinsic evidence may he resorted to as an aid in construction. The rule applied in that case is specifically authorized by LSA-C.C. Article 1956, and it is consistent with the established jurisprudence of this State. That is not the only ground, however, upon which a written instrument may be corrected or reformed. An action such as the instant suit may be maintained between the parties to correct errors or mistakes in a written instrument, and to reform it so that it expresses the true intent of the dence may be received and considered to parties, and in such a case extrinsic evi-determine whether an error was made and what the parties actually intended.
The law applicable here, we think, was correctly stated by our Supreme Court in Agurs v. Holt, 232 La. 1026, 95 So.2d 644, as follows:
“The law respecting reformation of instruments is well settled here and elsewhere. It is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. See Ober v. Williams, 213 La. 568, 35 So. 2d 219, citing 45 Am.Jur. Sec. 45 et seq. It is a personal action, even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), in which the burden is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof, parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328; Smith v. Chappel, 177 La. 311, 148 So. 242; Fair v. Williams, 187 La. 953, 175 So. 631 and Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649. iji * * »
In Waller v. Colvin, 151 La. 765, 92 So. 328, plaintiffs obtained judgment reforming a deed, which was not ambiguous on its face, to show that a different tract of land was actually conveyed by that document. In that case the Supreme Court said:
“In cases of misdescription of the property in the deed, the act of sale is a valid instrument irregularly drawn up but which can be rectified so as to accord with the original intention of the parties. In such cases, the error is not as to the thing, but in its description, and the proper remedy is by action to reform the instrument, so as to make it conform to the true agreement of the parties. Levy v. Ward, 33 La. Ann. 1033; Coleman v. Thibodaux, 119 La. [474] 478, 44 South. 269; Armstrong v. Armstrong, 36 La.Ann. 549.
“Parol evidence is admissible for showing an error in description of real estate in an act of sale, even though its effect be to take out one piece of real estate from the act and substitute another piece in its place. Sims v. Jeter, 129 La. [262] 266, 55 South. 877; Palangue v. Guesnon, 15 La. 311; Levy v. Ward, 33 La.Ann. [1033] 1035; Vignie v. Brady & Charpeaux, 35 La. Ann. [560] 562.”
In Brulatour v. Teche Sugar Company, 209 La. 717, 25 So.2d 444, a deed, unambiguous on its face, was reformed and corrected to show that the purchaser actually acquired property in Section 7, rather than in Section 17, as erroneously stated in the deed. Also, in Moody v. Singleton, La. App. 2 Cir., 113 So.2d 472, a deed was reformed and corrected to show that thfe *168 property actually conveyed was located in a different township and range than that shown in the act of sale. The deed in that case was unambiguous on its face.
We think the jurisprudence is established to the effect that in the absence of the intervention of the rights of third persons, and no such rights are shown to have intervened here, where the property intended to be sold has not been correctly described in the deed, the error may be corrected by an action to reform the instrument, even though the deed on its face may be unambiguous. Levy v. Ward, 33 La. Ann. 1033; Penn v. Rodriguez, 115 La. 174, 38 So. 955; Coleman v. Thibodeaux, 119 La. 474, 44 So. 269; Garrett v. Spratt, 131 La. 707, 60 So. 199; Frantom v. Nelson, 142 La. 850, 77 So. 767; Lattimer’s Heirs v. Gulf Refining Co., 146 La. 249, 83 So. 543; Waller v. Colvin, supra; Wilson v. Levy, 234 La. 719, 101 So.2d 214.
Defendants further argue that in actions to reform a written instrument, such as this, parol evidence is admissible “only as to the surrounding circumstances of the confection of the instrument at the time it was perfected.” They contend that the trial court erred in considering evidence as to possession of the property after the sale, or other events which occurred after that time, in determining the true intent of the parties in entering into the agreement.
In Plaquemines Oil and Development Company v. State, supra, one of the cases upon which defendants rely, the Supreme Court said, “ * * * when the intent of the parties is doubtful, the construction put upon the instrument by the manner in which it has been executed by both, or by one with express o.r implied assent of the other, furnishes the rule for its interpretation.” Althoug'h that case involved the interpretation of an ambiguous instrument, we think the same rule applies in an action such as the one instituted by plaintiff here to correct an error or mistake made in a written instrument in order that it will reflect the true intent of the parties.
In Brulatour v. Teche Sugar Co., supra, the deed which defendants sought to reform was executed in 1854. In determining the intent of the parties at the time the deed was executed, the court considered evidence as to events which occurred from the date the deed was executed until the suit was filed in 1943, a period of about 89 years. In Agurs v. Holt, supra, the Supreme Court considered facts relating to events which occurred between the time the deed there at issue was executed, in 1904, and the time the suit to reform it was filed, in 1952. Also, in Waller v. Colvin, supra, the Court apparently gave great weight to testimony indicating that plaintiff had been in actual possession of the land which he claimed for 20 years after the deed which he sought to reform had been executed. With reference to the evidence relating to possession after the sale, the Court said:
“ * * * This fact in itself is the most convincing kind of proof that the defendant Mrs. Mary E. Pearson intended to convey to J. D. Colvin the property in question.”
In determining which property the parties to a deed actually intended to convey, we think it is proper to receive and consider evidence as to the acts of possession or ownership which were exercised by the parties, and their heirs or assigns, after the completion of the sale. In many instances this may be the best evidence as to the true intent of the parties relative to that sale. In this case we find no error on the part of the trial judge in admitting and considering evidence as to acts of possession exercised by Ganey and his assigns, and evidence as to the failure of plaintiffs and Sim. B. Thomas to assert any adverse claim to the property for many years after the 1928 sale.
The exception of no cause of action filed by defendants is based on the cofi-tention that since a suit to reform a deed is a personal action, plaintiff is not entitled to judgment decreeing him to be the owner *169 of the property which he contends was conveyed by the 1928 deed. The trial judge overruled the exception, but he did not grant that portion of the relief sought by plaintiff, and plaintiff has not appealed or answered the appeal. Since the relief sought by plaintiff, and to which defendants objected,, was not granted, it is not necessary for us to consider the issues presented by the exception of no cause of action.
The exception of no right of action filed by defendants is based on allegations that plaintiff is estopped from claiming title to the north half of the 40-acre tract hereinabove described, because he and his predecessors in title for more than 30 years have “deeded and dealt on the said land as the East half of said forty * * The evidence does not show that the alleged actions of plaintiff and his predecessors in title have misled defendants or have caused them to act to their injury or prejudice. The facts in the case, therefore, do not justify the application of the equitable doctrine of estoppel. Eaton v. Eaton, 227 La. 992, 81 So.2d 371; Breaux v. Laird, 230 La. 221, 88 So.2d 33.
The evidence convinces us, as it did the trial judge, that the parties to the 1928 deed intended to convey the North half of the 40-acre tract hereinabove described, that a mistake was made in the description contained in that deed, and that plaintiff is entitled to have that deed reformed to show the true intent of the parties. We find no error, therefore, in the judgment of the trial court.
For the reasons herein set out, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendants-appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.