No. 1910
Second Circuit

MATHILDA BROWN, AND HUSBAND v. T. A. GLASS, ET AL.

(October 21, 1925, Opinion and Decree)

(*Syllabus by the Editor*)

1.  Louisiana Digest—Evidence—Par. 240; Registry—Par. 7.

Between the parties to an act of sale and their heirs errors can be corrected; but such errors cannot be corrected to the prejudice of the third persons who have acquired in good faith reliance on the public records.

2.  Louisiana Digest—Prescription—Par. 22.

Under Article 3502 of the Civil Code the prescription of thirty years extends only to that which has been actually possessed by the person pleading it.

3.  Louisiana  Digest—Prescription—Par. 22; Possession—Par. 6.

Under Article 3501 of the Civil Code, corporeal possession necessary to the prescription of thirty years which has been commenced may be preserved by external and public signs announcing the possessor's intention to preserve the possession; such as keeping up roads and levees, payment of taxes, and other similar acts.

4.  Louisiana  Digest—Prescription—Par. 221.

Where the evidence clearly shows that the plaintiff who claimed title by virtue of thirty years' prescription does not know exactly when possession of the property by her began, the court cannot assume that she took possession over thirty years before prescription was interrupted by defendant's answer setting up title.

Appeal from Second Judicial District Court of Louisiana, Parish of Webster. Hon. J. E. Reynolds, Judge.

This is a possessory action for title to land which was converted into a petitory action by one of the defendants, Crichton Company, Ltd.

There was judgment for plaintiff against both defendants and defendant, Crichton Company, Ltd., appealed.

Judgment reversed as to Crichton Company, Ltd.

The right is reserved to plaintiff to remove the improvements.

Stewart & Stewart, of Minden, attorneys for plaintiff, appellee.

Drew & Drew, of Minden, attorneys for defendants, appellants.

CARVER, J. This is a possessory action which, without objection on the part of plaintiffs and, indeed, with their virtual consent, was converted into a petitory action by Crichton Company, Ltd., one of the defendants, which claims title by purchase in 1916 from W. C. Welch, who bought in 1913 from Morgan E. James, who bought in 1912 from Isaac Green, to whom it was donated by his father, George Green, by act dated July 7, 1891, and recorded July 13, 1891.

The various deeds in this chain of title were duly recorded within a few days from their respective dates.

The plaintiff, Mathilda Brown, born Green, has no written title other than deeds from the heirs of George Green executed in 1919, wherein they assume to correct an error alleged to have been made in the above mentioned donation, and also an error alleged to have been made in a contemporaneous donation made to Mathilda Green, who was a daughter of George Green.

It is claimed by the plaintiffs that the donation to Mathilda, which by its terms covered the southeast quarter of southwest quarter of Section 13, Township 19 North, Range 9 West, was intended by both donor and donee to cover the southwest quarter of southwest quarter of Section 12, Township 19 North, Range 9 West, which is the land in dispute.

They further claim that the donation to Isaac was intended by both donor and donee to cover the northwest quarter of southwest quarter of Section 12, Township 19 North, Range 9 West, instead of that described in the donation, viz.: Southwest quarter of southwest quarter of that section.

Plaintiffs further claim that, at the time of the donation, the donor delivered the land in contract, southwest quarter of southwest quarter of Section 12, to Mathilda and that she took and has ever since held actual possession thereof; and they plead the prescription of thirty years.

### I.

It is well settled that as between the parties to an act and their heirs errors, such as those here alleged, can be corrected; but it is quite as well settled that such errors cannot be corrected to the prejudice of third persons who have acquired in good faith reliance on the public records.

Gonsoulin vs. Sparrow 150 La. 103, 90 South. 528, and cases there cited.

In the Sparrow case three of the justices dissented; but certainly one of them and presumably all three did so on the ground that the plaintiffs in that case were not in good faith.

In this case there is nothing to impugn the good faith of Crichton Company, Ltd.

Plaintiffs' counsel cite on this question:

Levy vs. Ward, 33 La. Ann. 1033.

Coleman vs. Thibodaux, 119 La. Ann. 474, 44 South. 269.

Garrett vs. Spratt, 131 La. Ann. 707, 60 South. 199.

The Levy case was between the vendee and the administrator of the vendor.

The Garrett case was against the heirs of the vendor.

And the Coleman case was between the original parties themselves.

The rule is different when as in the Gonsoulin case, cited above, the contest is not against the vendor or his heirs but against third persons purchasing on the faith of the public records.

## II.
### PRESCRIPTION OF THIRTY YEARS

Citation was served on Crichton Company Ltd., on April 8, 1922. It filed answer May 26, 1922, claiming title, and thereby interrupting prescription. This was thirty-one years, one month and eighteen days after the donation.

The testimony shows that Mathida claimed the land in dispute ever since the date of the donation; that she cleared some of it; and that during many of the years she cutivated a part of it; but it does not show how much she cleared or cultivated or exactly what part or even when she first took possession of any of it. She never lived on it but lived in a house that she built on an acre adjoining which she acquired from her brother, Dallas. This house was not built until after the death of her husband, Ellis Johnson.

She testifies that she worked some of the land (but does not say how much or what part) before her father died; but the date of her father's death is not shown. She says she does not know exacty when he died, but thinks it 28 or 29 years before giving the testimony (January 9, 1923). This would place his death in 1894. We cannot assume from this testimony that she took possession prior to May 26, 1892, which would be thirty years before prescription was interrupted by defendant's answer setting up title.

The testimony further shows that when her daughter married, Mathilda went to live with her and lived with her about two years. If this was after the donation, which is likely, then it is probable that Mathilda never did any cultivation until more than two years after the donation, which would be less than thirty years before service of citation.

She says, page 15:

"Q. Mathilda, when did your father die?
"A. I couldn't tell about how long. Reckon about twenty-eight or twenty-nine years.
"Q. You didn't get on this forty acres of land until after your father's death?
"A. I don't know exactly how long he been dead.
"Q. Did you get on this tract of land before your father's death?
"A. Yes sir. Worked some of that land before my father died.
"Q. When was that?
"A. That's been a good little bit.
"Q. How long is a pretty good little bit? About how long?
"A. Reckon after my husband died.
"Q. Which one?
"A. Ellis Johnson.
"Q. How long did you stay off the place?
"A. I didn't stay off very long.
"Q. How long is very long?
"A. About two years, I think.
"Q. Some two years?
"A. Yes, sir, about two years; but I paid the taxes.
"Q. Never mind that, did you ever leave after that?
"A. No, sir; I don't know exactly 'cause I been there a good while.
"Q. When you were off with your daughter, that's been since your father's death?
"A. Yes, sir.
"Q. After you had been sent into possession of the land?
"A. Yes, sir, since that my father died."

Also on page 12:

"Q. When he made this donation what did he do, if anything, toward putting you in possession of a tract of land?
"A. He just made the division. Just showed us our forty acres of land.
"Q. What land did he show you as being that he gave to you?

"A. The tract that was next to my brother, Dallas.

"Q. What did you do with the land when he made this donation?

"A. I paid taxes on it.

"Q. Do anything else? Anybody live on it?

"A. No one at that time."

J. W. Miller, a witness for plaintiffs, testified, page 5:

"Q. She has been on the property continuously since the death of her father?

"A. She married Ellis Johnson; the first husband was Tom Reed and the second husband was Ellis Johnson, and her last husband is Henry Brown.

"Q. She moved away after she married which one?

"A. Which one?

"Q. When did she move off the place?

"A. Well, she stayed separated a long time and then her daughter married and she lived with her daughter and son-in-law down below here and then after they went to Oklahoma, her and Ellis Johnson married, and then ———

"Q. Where did she live then?

"A. Out on what was called Jno. O'Rear Place, and Ellis Johnson hauled wood from her forty to town, and after Ellis died she turned in and built a house for her, and then she and Henry Brown married."

But even if possession was taken of any of the land over thirty years before service of citation, it is not shown how much or what part.

In the prescription of ten years possession of a part under title to the whole is possession of the whole; but the thirty-year prescription extends only to the part actualy possessed.

Civil Code, 3503, is as follows:

"How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it."

Under Article 3501, where corporeal possession has commenced, it may, if not interrupted, be preserved by external and public signs announcing the possessor's intention to preserve the possession, such as keeping up roads and levees, payment of taxes, and other similar acts.

It is likely that plaintiff has paid taxes on the property in dispute for more than thirty years; but while such payment is sufficient to preserve a possession under this article, it is not sufficient to constitute taking of possession, which must be corporeal.

Under our appreciation of the facts, we are constrained to disagree with our learned brother of the District Court.

It is decreed that the judgment of the lower court be reversed and Crichton Company, Ltd., hereby is decreed the owner and entitled to possession of the land in dispute, to-wit: Southwest quarter of southwest quarter of Section 12, Township 19 North, Range 9 West.

The right is reserved to plaintiff, Mathilda Brown, to remove her improvements.

Reynolds, J., recused.