*297 On Rehearing
AYRES, Judge.
The primary issue in this petitory action is the sufficiency of defendant’s possession to sustain his claim of ownership of the property involved under a plea of prescription of 30 years.
A history of the litigation pertaining- to the property the title to which is in question is recited by the Supreme Court in Hill v. Richey, 221 La. 402, 59 So.2d 434, 437, and by us in our original opinion wherein the issues were stated and the facts discussed.
A rehearing was granted to afford a reconsideration of the question of defendant’s possession, particularly in respect to its duration and, further, as to his possession of that portion of the tract west of the “yellow” line and south of Castor Bayou. The aforesaid action was a pos-sessory action. The Supreme Court, after reviewing the evidence in that suit, held that Hill and/or his wife had lived upon and cultivated this property and exercised other enumerated acts of ownership thereon since 1913 or for a period of time exceeding 30 years preceding the disturbance of defendant’s possession in 1947. Accordingly, that court held that Hill had the requisite possession of all the property between the two lines, that is, between the “red” line, contended as correct by plaintiff, and the “yellow” line advocated as correct by the defendant. Plaintiff, however, contends that the decision of the Supreme Court, since it involved a pos-sessory action, is decisive only to the extent, quality and character of defendant’s possession during the year next preceding the institution of that action and that its finding of fact relative to Hill’s possession prior to that year is not conclusive as such a finding was unnecessary to a decision of the issues then pending before the court. The trial court in the instant case was in agreement with that contention, as were we on the original hearing. We adhere to that opinion, wherein we stated:
“The decision of the Supreme Court in Hill v. Richey, since it involved a possessory action is decisive only as to the extent and quality of possession of Hill during the year preceding the filing of this suit. We must assume, therefore, that the findings of fact relating to the possession of Hill beyond such period should not be considered conclusive”.
We have reviewed the record of the evidence as was before the Supreme Court and as was augmented by additional testimony taken in the instant case. We are unable to conclude that this additional evidence justifies or warrants the formation of a different conclusion from that as found from a consideration of the record in the possessory action. While, as stated, the finding of fact by the Supreme Court as to Hill’s possession prior to the year next preceding the institution of such action is not conclusive or binding, yet, to say the least, its logic is persuasive. It is sufficient, however, to state that our most careful and painstaking review of the entire record brings us to the same conclusion.
We deem it unnecessary to again restate the facts as found to have been established by the records which have heretofore been reviewed in the opinion not only of this court but of the Supreme Court. However, in support of the conclusion reached herein, some of the more specific details of the established facts may be recalled, instances that apparently were not specifically referred to heretofore. For example, Hill testified that S. M. Stewart managed for 13 years Mrs. Clark’s property; that Stewart cut hay in the disputed area south of the bayou and west of the “yellow” line; that in 1913 sugar cane was grown between the bayou and the fence running from the hackberry corner, which, of course, was south of the bayou. He further testified that beginning in 1913 and continuing for three or four years thereafter, Frank Watkins, a tenant of Mrs. Clark’s, farmed a portion of her property both north and south of the bayou in the disputed area. In this, his testimony is corroborated by the testimony of Frank Watkins himself, who *298 stated that on or about January 1, 1913, he moved on the property of Mrs. Clark and cultivated 17 acres of land, 10 acres of which were south of the bayou and seven acres north of the bayou and also north of a 40-acre meadow likewise north of the bayou, all within the disputed tract. During his sojourn of four years on this property, Watkins made railroad cross ties from timber obtained from the woodland area.
Reverting to S. M. Stewart, we find that he became acquainted with this property as early as 1895, and during that year and also in 1897 and 1898, as a representative of a tie company, timber from this land was acquired by him from Mrs. Clark for the manufacture of ties and piling. Similar operations were conducted beginning in 1902 and continued until 1907 or 1908. The evidence discloses that the timber for the piling and ties was cut and removed not only from Mrs. Clark’s property generally but from the particular area now in dispute. Beginning in 1906 or 1907 and continuing for 12 or 13 years thereafter, Stewart, as Mrs. Clark’s representative, cut hay from a meadow located between the two lines and north of the bayou. That portions of these areas, both north and south of the bayou, were once in cultivation is further made evident by the second growth timber thereon. Eugene Knight and A. S. McColour, as well as others, testified to this fact.
Considering these facts, as well as others which might be pointed out from the record, as well as the facts upon which we have heretofore based our conclusion, and upon the facts as detailed by the Supreme Court, where it stated:
“Plaintiff Hill or his wife, who had resided on this plantation since 1913, had 'actually farmed and cultivated all portions of the land between the two disputed lines which were susceptible of cultivation. They themselves or their tenants had grown and cultivated crops of corn, cotton, and hay, and these operations had been continued to the yellow line. Hill had grazed cattle, sheep, goats, and hogs over the entire tract, including the swampy portions, and on occasions had rented the property to others for grazing their cattle. From the swampy areas his tenants from time to time had cut ties. Furthermore, he had some livestock grazing on the tract at the time of the trial. He had also sold the timber on three different occasions from the swampy areas, and his purchasers were engaged in the cutting and removal of such timber on each occasion for several months. On one of these occasions a large crew, whose operations were extensive, actually were engaged in the cutting and removing of timber for approximately eight months”,
the conclusion inevitably follows that the possession upon which defendant relies began at the latest in 1913, if it does not, in fact, have a more ancient origin. Such possession was held sufficient to support a possessory action. It is likewise adequate to maintain a petitory action. The nature and character of the possession required for the maintenance of a possessory action by one claiming without title is the same as that of the possession upon which is fixed the prescription of 30 years. C. P. Art. 49; LSA-C.C. Arts. 3499-3505; Hill v. Richey, supra.
It is, therefore, a matter of no importance as to which of the dates is accepted as the beginning of the possession relied upon by the defendant Hill, for, in any event, such possession has continued uninterrupted for an interval of time spanning a period of more than thirty years previous to the disturbance of his possession occurring in 1947, and, for the reasons herein assigned, it is likewise clear that such possession extended to the area of the disputed tract south of the bayou.
Nevertheless, appellee most earnestly urges that defendant has failed to establish his possession for the requisite period of time or to fix exactly the beginning of his possession, without which it is contended under the authority of Brewer v. *299 Yazoo & M. V. R. Co., 128 La. 544, 54 So. 987; Roussel v. Railways Realty Co., 132 La. 379, 61 So. 409, 833, and Brown v. Glass, 3 La.App. 38, he cannot prescribe. The record in our opinion sufficiently establishes that the possession relied upon by defendant began, at least, no later than 1913 and that, accordingly, this contention is likewise without merit.
Accordingly, and for the reasons herein assigned, the plea of prescription of 30 years was properly and correctly sustained and our original decree and judgment is reinstated and made the final judgment of this court.
And, it is so ordered.