(36 South. 881.)

No. 15,135.

GEORGE W. SENTELL & CO. v. BADON, Sheriff, et al.

(June 20, 1904.)

**DECREE—DISTRIBUTION OF, ASSETS—CONSTRUCTION.**

1. Decree of the court in the case of Walmsley v. Resweber, 30 South. 5, 105 La. 534, interpreted.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; T. Don Foster, Judge.

Action by Walmsley & Co. against Resweber and others. George W. Sentell & Co. intervene. Certain property was sold under the judgment. Rule by plaintiffs on sheriff to show cause why they should not be recognized as first mortgage creditors. Reversed.

Albert Voorhies, for appellants. Mouton & Simon, for appellees.

PROVOSTY, J. Resweber owed Fournet and Delahoussaye $973.22.

He executed six mortgage notes, of $500 each, to his own order, and by him indorsed in blank, and delivered two of them to Fournet and Delahoussaye, and retained the other four in his own hands.

Later he gave a second mortgage to Sentell & Co. on the same property.

After this he obtained advances from Walmsley & Co., with Fournet and Delahoussaye as his sureties; and, to cover the responsibility of these sureties, he delivered to them two of the four remaining $500 mortgage notes.

Some time afterwards he and his said sureties and Walmsley & Co. entered into an agreement by which all six of the $500 mortgage notes were pledged to Walmsley & Co. to secure advances already made and to be made by them. These advances, in the course of the business, went beyond the amount of $3,000, face value of the notes.

While the six notes were thus in pledge in the hands of Walmsley & Co., Resweber paid to Fournet and Delahoussaye the $973.22 which had been due them at the time of the execution of the six $500 mortgage notes.

In the course of time, Walmsley & Co. brought suit on the six $500 mortgage notes, and Sentell & Co., the second mortgage creditors, intervened, claiming for their mortgage superiority over that of Walmsley & Co.

The district court rendered judgment as follows:

(1) Condemning Resweber to pay Walmsley & Co. $3,000, with legal interest from ju-

dicial demand, subject to a credit of $973.22.

(2) Decreeing the six $500 mortgage notes to be extinguished.

(3) Annulling the mortgage securing these six $500 mortgage notes, in so far as in conflict with the mortgage in favor of Sentell & Co.; the latter mortgage to take precedence over it.

(4) Maintaining the opposition of Sentell & Co. to that extent, and reserving to the latter the right to enforce their mortgage against the property.

The case was appealed to this court, and the judgment of this court was as follows:

(1) Annulling the judgment of the lower court.

(2) Giving Walmsley & Co. a judgment for the full amount of the six $500 mortgage notes, in capital and interest; that is to say, $3,000, with 8 per cent. per annum interest from March 21, 1902, the date of the execution of the notes and of the mortgage securing them, subject, however, to a credit of $973.22 as of date May 7, 1895.

(3) Ordering the mortgaged property to be seized and sold to pay said debt.

(4) Condemning the interveners, Sentell & Co., to pay costs in both courts.

On rehearing the judgment of this court was as follows:

"It is ordered, adjudged, and decreed that the judgment appealed from be affirmed to the extent that it decrees judgment in favor of plaintiffs for the sum of $3,000. It is further ordered, adjudged, and decreed that it be amended, and that, instead of interest as heretofore allowed, plaintiffs recover interest thereon at the rate of eight per cent. per annum from December 15, 1894, subject to a credit of $973.22. It is further ordered, adjudged, and decreed that the mortgage executed by J. A. Resweber in favor of Fournet and Delahoussaye to R. M. Walmsley & Co. is a valid mortgage to the extent that it secures the payment of the two first notes and the costs of the district court; and it is further ordered, adjudged, and decreed that the property described, and mortgaged to secure the full and entire payment of the said two notes, interest and costs, be seized and sold, and that the proceeds thereof, to the extent necessary, be ap-

plied to the payment of the said two notes, interest and costs. It is further ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed in so far as it does not recognize plaintiffs' right to the said two notes and mortgages, and in all other respects that it does not conform with this judgment. It is further ordered, adjudged, and decreed that the mortgage executed to secure the four other notes described in the act of mortgage is of no effect against the mortgage of interveners, which primes, under this decree, the mortgage of Walmsley & Co., but between Walmsley & Co. and Resweber the former's claim and mortgage remain unchanged. It is further ordered that the intervention of G. W. Sentell & Co. is sustained to the extent that they claim preference to the amount represented by the four last notes. Their rights under their mortgage are reserved to them, to wit, the interveners. It is further ordered, adjudged, and decreed that our former decree in this case be reinstated only to the extent that it recognizes plaintiffs' right to recover on the mortgage notes the amount of $1,000, interest and costs. In other respects it is not reinstated, except as herein mentioned. It is further ordered that defendants pay the costs of intervention in the lower court, and that interveners pay the costs of appeal."

The mortgaged property has now been sold, and has realized $1,575. The present proceeding is a rule by Sentell & Co. on the sheriff to show cause why the plaintiffs in rule should not be recognized as first mortgage creditors, with the exception of the mortgage claim of Walmsley & Co. for $1,000, less credit of $932.22 as of date May 7, 1895, and why all costs of the district court, including costs of sale, should not be charged to Walmsley & Co., quoad the petitioners, Sentell & Co.

In answer to this rule, numerous defenses are urged, but in the brief only two are insisted on:

(1) That the sheriff has already made a final distribution of the proceeds of the sale, and that the plaintiff in rule comes too late; (2) that the judgment of the Supreme Court is plain and needs no interpretation, and that, under its terms, Walmsley & Co. are entitled to preference up to $3,000, with 8 per cent. interest from December, 1894, less a credit of $973.22.

The first of these defenses is not proved;

and the second is exploded by the judgment of the lower court, which recognizes and enforces an interpretation contrary to that which is thus declared to be so plain.

The matter presented for the action of this court is, then, the interpretation of the judgment of the court as recited above, and as found on page 534 of 105 La., 30 South. 5, in the case of Walmsley v. Resweber.

Inasmuch as this difference has arisen in regard to the meaning of the decree of this court, the matter cannot be as clear to others as it appears to us; but the intention of the court was to accord to Walmsley & Co. a preference over Sentell & Co. for the amount of the first two notes of $500 each, with interest at 8 per cent. per annum from December 15, 1894, and costs, and to us the decree appears to bear that interpretation, and none other, especially when read in connection with the body of the decision. At any rate, that is the interpretation which the court places upon the decree.

The mortgage claim of Sentell & Co. is entitled to come next in order of preference against the proceeds of the sale, and after it the remainder of the claim of Walmsley & Co. will come, from which remainder is to be deducted the credit of $973.22.

It is therefore ordered that the distribution of the proceeds of the sale be made in accordance with the views hereinabove expressed, and that the costs of this appeal and of the rule herein be paid by Sentell & Co.