ODOM, Justice.
 

 This is a petitory action involving the title to eight acres of land in the N. W. % of the S. W.
 
 Vi,
 
 section 9, township 17 north, range 4 east, south, and west of the center line of Young’s bayou.
 

 Plaintiff alleges that he owns the land by recorded title, which traces back to the United States. He alleges that defendant is now in possession of the land and claims to own it. He prays for judgment decreeing him to be the owner and ordering defendant to vacate.
 

 Defendant in answer admitted that he was in possession of the land, denied plaintiff’s ownership thereof, and' asserted title in himself under deed of record. He also pleads prescription of ten and thirty years.
 

 This appeal is by defendant from a judgment for plaintiff.
 

 The land in controversy was acquired by George Essick from the United States prior to 1868, and the title traces from him direct to the plaintiff through an unbroken chain of valid deeds, all duty recorded in the notarial records of Ouachita parish, where the land is situated. This is not disputed. But defendant claims the property under a deed from Sherman Douglass et al. dated April" 17, 1931, filed and recorded May 4, 1931; the description contained in the deed being as follows:
 

 “An eight (8) acre tract of land situated in the Northeast corner of the South west quarter of the North west quarter (SW!4 of NW%) Sec. 9, Township Seventeen (17) North Range Four (4) East, being situated on each side of Young’s Bayou all in Ouachita Parish, Louisiana.”
 

 We note that the eight acres of land acquired by defendant is situated in the S. W.
 
 ¼
 
 of the N. W. % of section 9, whereas the land claimed by plaintiff is in the N. W.
 
 ¼
 
 of the S. W.
 
 ¼
 
 of that section. The defendant therefore has no record title to the land in controversy, for which reason there is no basis for his plea of ten years’ prescription. The basis for such pipa is good faith and just title. Good faith without just title will not avail. C. C. arts. 3474 and 3478.
 

 He sets up, however, that the description. in his deed is erroneous, in that it re-
 

 
 *1077
 
 cites that the eight acres of land is situated in the S. W.
 
 ¼
 
 of the N. W.
 
 ¼
 
 of section 9, whereas the land intended to be conveyed is in the N. W.
 
 Vi
 
 Of the S. W.
 
 ¼
 
 of that section. He traces his title by mesne conveyances, back to Robt. J. Lewis, who on September 8, 1900, owned both the N. W.
 
 ¼
 
 of the S. W.
 
 ¼
 
 of section 9 and the S. W.
 
 ¼
 
 of the N. W.
 
 ¼
 
 of that section, and sold to David Johnson eight acres of land by description identical with that under which he claims. Several deeds intervene between the one from Lewis to Johnson and the one from Douglass to defendant, the description in each being identical and the same as that under which defendant acquired.
 

 It is alleged in the answer that Lewis intended to sell to Johnson land in the N. W.
 
 ¼
 
 of the S. W.
 
 ¼
 
 instead of in S. W.
 
 ¼
 
 of N. W.
 
 ¼
 
 of section 9, and that the error in description found in that deed is found in all the others. There is no proof of that. But even if it be true, the error cannot be corrected in this proceeding, which is not a suit between the original parties to correct the deed, but a petitory action brought by a third person who purchased on the faith of public records and whose rights have intervened. When Weaks purchased, the records did not disclose that defendant or any one else held any title to the land adverse to his vendor.
 

 Counsel for defendant, in their brief, say in substance that if defendant’s deed and those of his authors went no further than to place the land in the northeast corner of the S. W.
 
 ¼
 
 of the N. W.
 
 ¼,
 
 section 9, he would have no case. But they point out that all the deeds go further and describe the land as being on each side of Young’s bayou, which, they say, “is notice to the world of the land intended to be sold.” They cite numerous decisions of this court holding that if a portion of the description is such as to mislead, such portion must be read and construed with other descriptions in the deed, if any, and that an error in the designation of legal subdivisions is in some cases overcome and controlled by other designations. Gladdish v. Godchaux, 46 La. Ann. 1575, 16 So. 451; Gray v. Coco, 113 La. 41, 36 So. 878; Willis v. Ruddock Cypress Co., 108 La. 258, 32 So. 386; Penn v. Rodriguez, 115 La. 178, 38 So. 955; Barrow v. Grant’s Estate, 116 La. 955, 41 So. 220, 221.
 

 There might be force in the suggestion made by counsel but for the fact that the map filed shows that Young’s bayou runs in a general north and south direction through both the N. W. ¼ of S. W.
 
 ¼
 
 and S. W.
 
 ¼
 
 of N. W.
 
 ¼,
 
 section 9, and that a portion of each of these forties is on' the east side of that stream. R. J. Lewis owned each of those forties at the time he sold the eight acres to Johnson in 1900, so that one looking at the map and reading the deeds might reasonably conclude that the land sold was in the S. W. ¼ of the N. W.
 
 ¼
 
 of section 9, as designated in the deed. R. J. Lewis, who sold to Johnson, was called as a witness and testified that he owned both of the forties above described and that he had possession at the time. He said: “I just taken the eighty acres that lays on the Winnsboro road. But I knew where all the corners were.” He says he put Johnson in possession of the land he sold him, and he was
 
 *1079
 
 asked, “With respect to this forty acres that you put David and Louisa Johnson in possession of eight acres in, where did the other forty He?” And he said, “South.” Again he said, “The eight acres I sold was in the north east corner of the north forty, land on each side of Young’s Bayou.” Therefore, according to the testimony of Lewis, the eight-acre tract sold and of which Johnson took possession was in the S. W. ¼ of the N. W. ¼ of the section as designated in the deed.
 

 It is suggested, and there was some effort to show, that Lewis took possession of the N. W. ¼ of S. W. ¼ and the. S. W. ¼ of S. W.
 
 ¼
 
 of section 9 instead of the N. W. ¼ of S. W. ¼ and S. W. ¼ of N. W. 14, which he owned; in other words, that the tract which he thought he owned was a quarter of a mile south of the tract he actually owned, and therefore his testimony that he intended to sell eight acres out of his north forty shows that he intended to sell the tract out of the N. W. ¼ of the S. W. ¼. That assumption falls in view of his testimony that he knew the location of all the corners to his land.
 

 Defendant pleads the prescription of thirty years under which the ownership of an immovable may be acquired “without any need of title or possession in good faith.” O. O. art. 8499. But he has failed to prove such possession as is necessary to acquire by this prescription. He proved that David Johnson took possession of some land, presumably eight acres, in 1900, immediately after he purchased from Lewis. But the particular tract is nowhere described with any degree of certainty. The witnesses do not pretend to locate the premises occupied any further than to say that it was on the Winnsboro road, some on the east and some on the west side of the bayou. Mr. Lewis, who sold to Johnson, said the land was in the northeast corner of the north forty “across Young’s bayou,” meaning on the east side. On cross-examination he said the land was “on each side of Young’s bayou.” Sherman Douglass said there was a house on the east side of the bayou “back next to the woods” facing the road, and one on the. west side, and that the eight acres “faced the Winnsboro highway.” Charles Ballard, another witness, said he had lived near the property since 1890; that defendant now has a filling station on the land, and on being asked where the old residence was, he said, “pretty much above where that filling station is now — on past, further up there— further up the road.” He said the back of the Johnson house “set to face Young’s bayou” on the west side and that there was a house on the other side. He said they “farmed” the land, some on the east and some on the west side of the bayou, probably two acres on the east side.
 

 Evans, the defendant, was asked what land he possessed, and replied, “I am in possession of this strip of ground on the Winnsboro road that this suit is
 
 containing.”
 
 Asked how many acres, he said: “I haven’t had it surveyed. Supposed to be eight acres.” He did not describe, by boundaries, the land occupied by Johnson or by Douglass.
 

 Mr. Collins, a civil engineer, who made the plat above referred to, was examined as a witness. He, of all the witnesses called,
 
 *1081
 
 was the one who could have definitely located the land possessed by defendant’s authors in title. But he was not asked to do so. In speaking of the description contained in the deeds, he said he assumed that the eight acres was in square form in the S. W.
 
 Yi
 
 of N. W.
 
 Yi
 
 of section 9, and if so, some of it, the greater portion, was east of the bayou, but that a small portion would be west of it.
 

 So there is nothing to show just where the eight acres which Johnson took possession of in 1900 and occupied is located, whether in the N. W. & of S. W. ¼ or S. W. ¼ of N. W.
 
 ¼
 
 of section 9, or what portion of the land is on the east and what on the west side of the bayou. Defendant not having shown what property was “actually possessed” by his authors, is not protected by the prescription of thirty years. C. C. art. 3503.
 

 The judgment appealed from is affirmed.
 

 O’NIELD, C. J., absent.